IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| WESLEY DEVON FOOTE, ) | |
| ) | |
| Petitioner, ) | |
| ) | 1:11CV42 |
| v. ) | 1:06CR177-1 |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

MEMORANDUM OPINION AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner Wesley Devon Foote, a federal prisoner, brings a Motion [Doc. #48] to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. As discussed below, this case raises the question of whether a challenge to a "career offender" determination under the United States Sentencing Guidelines is "cognizable" on collateral review on a § 2255 motion that involves claims based on the decision of the Court of Appeals for the Fourth Circuit in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011). Stated another way, the primary issue in this case is whether an individual who was sentenced as a career offender under the Guidelines, but who is not actually a career offender in light of Simmons, can obtain relief from an otherwise final sentence. As discussed below, the Court concludes that the Fourth Circuit would not allow such a challenge to a Guidelines determination when the sentence imposed was below the statutory maximum that would still apply. However, there is a split of authority among the circuits on this issue, and this Court therefore recommends that a Certificate of Appealability be issued.

I.  FACTUAL BACKGROUND AND CLAIMS

On July 13, 2006, Petitioner was convicted of three counts of distribution of cocaine base in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B). By Judgment entered on January 10, 2007, he was sentenced to 262 months of imprisonment as a career offender under USSG § 4B1.1. According to the Presentence Report (PSR), the career offender enhancement resulted in an advisory Guidelines sentencing range of 262 to 327 months of imprisonment. Had Petitioner not been subject to the career offender enhancement, he would have faced an advisory Guidelines range of 151 to 188 months of imprisonment. (PSR, ¶¶ 16-19, 40.) Following a direct appeal that included a remand from the Supreme Court in light of Kimbrough v. United States, 552 U.S. 85 (2007), an Amended Judgment was entered on November 13, 2009, imposing the same 262-month sentence. That Amended Judgment was affirmed on appeal, effective October 6, 2010. Less than four months later, on January 21, 2011, Petitioner filed the current Motion, which he later amended to add further arguments. (Amended Motion [Doc. #70].) The Motion was filed less than a year after the denial of Petitioner's direct appeal, making it timely under § 2255(f)(1).[1] Respondent filed a Response [Doc. #59], Supplemental Response [Doc. #66], and Second Supplemental Response [Doc. #76], all opposing relief. Petitioner's Motion is now before the Court for decision.

Petitioner raises three claims for relief in his Motion. First, he contends that the application of the career offender enhancement under the Sentencing Guidelines constituted

---

[1] The Government does not contest the timeliness of the Motion, and has not raised any statute of limitations issue in the present case. (See Response [Doc. #59] at 2.) In light of the Government's position, the Court will not consider the statute of limitations issue further. See Day v. McDonough, 547 U.S. 198, 202 (2006); Wood v. Milyard, 132 S. Ct. 1826, 1830 (2012).

error because he did not face more than a year in prison for one of the predicate offenses supporting the enhancement. Second, he asserts that the sentencing judge erred by not reducing his sentence after his case was initially remanded for resentencing. Finally, he argues that he received ineffective assistance of counsel because his attorney did not challenge the career offender enhancement in a second petition for certiorari to the United States Supreme Court. Petitioner's first claim raises the Simmons-related challenge to his designation as a career offender, which is the primary issue in this case. However, because Petitioner's second and third claims easily fail, the Court will first turn its attention to those claims before addressing his first claim in more detail.

II. ANALYSIS OF CLAIMS

    A. Claim for Lack of Downward Variance in Sentencing on Remand

Petitioner claims that his resentencing was not in keeping with the order remanding the case. However, this assertion is not supported by the record. At the original sentencing, counsel for Petitioner argued that Petitioner's sentence should be reduced based on the disparity in sentences for crack and powder cocaine offenses. The sentencing judge did not vary from the applicable Guidelines range and Petitioner appealed, arguing that the sentencing judge erred in refusing to lower his sentence due to the disparity. The Fourth Circuit affirmed the sentence, but Petitioner filed a petition for certiorari to the United States Supreme Court, leading to a remand for reconsideration of the case in light of Kimbrough v. United States, which held that departures of the nature requested by Petitioner could be considered at sentencing. United States v. Foote, 249 F. App'x 967 (4th Cir. 2007), cert. granted and judgment vacated, 552 U.S.

3

Case 1:06-cr-00177-NCT   Document 86   Filed 09/24/13   Page 3 of 20

1163 (2008). This led the Fourth Circuit to remand Petitioner's case to allow the sentencing judge "the opportunity to reconsider the sentence in light of Kimbrough." United States v. Foote, 276 F. App'x 307, 308 (4th Cir. 2008). At no point did the opinion remanding the case order that the sentence be lowered, only that Petitioner's argument be considered. At Petitioner's resentencing, his attorney requested a lower sentence based on the crack/powder disparity as discussed in Kimbrough, while the Government took no position on that issue. (Resentencing Transcript at 7-9.) The sentencing judge then considered, but rejected, Petitioner's request to vary downward based on the disparity. (Id. at 9-11.) The dictates of the remand were clearly met. On further appeal, Petitioner challenged this rejection. However, the Fourth Circuit explained:

> we remanded this case after Kimbrough was decided solely to afford the district court an opportunity to decide whether it wished to vary in light of Kimbrough. The district court's comments during the resentencing leave no doubt that it understood its discretion to vary below the guideline range based on the crack-to-powder cocaine ratio. The court decided not to vary and explained that it wished to leave to Congress the decision as to what the proper sentencing ratio should be. We are satisfied that the district court exercised its discretion, complied with its mandate on remand, and adequately explained its decision.

United States v. Foote, 395 F. App'x 49, 51 (4th Cir. 2010). Because it appears that Petitioner's second claim for relief was already litigated and decided against him during his second direct appeal, he cannot relitigate it in this collateral proceeding. Boeckenhaupt v. United States, 537 F.2d 1182 (4th Cir. 1976). Further, to any extent that the claim was not fully litigated during the second appeal, it fails for the same reasons stated by the Fourth Circuit. Therefore, Petitioner's second claim for relief should be denied.

4

B.   Claim for Ineffective Assistance of Counsel in Second Petition for Certiorari

Petitioner also claims that his attorney provided ineffective assistance by not filing a second petition for certiorari challenging his career offender enhancement. In order to prove ineffective assistance of counsel, a petitioner must ordinarily establish, first, that his attorney's performance fell below a reasonable standard for defense attorneys and, second, that he was prejudiced by this performance. See Strickland v. Washington, 466 U.S. 668 (1984). A petitioner bears the burden of affirmatively showing deficient performance. See Spencer v. Murray, 18 F.3d 229, 233 (4th Cir. 1994). To establish prejudice, Petitioner must show that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. Strickland, 466 U.S. at 694. However, where petitions for certiorari are concerned, the Constitution does not require that a defendant be given counsel for discretionary appeals, including a petition for certiorari, so there can be no constitutional claim for ineffective assistance in association with such a petition. See Ross v. Moffitt, 417 U.S. 600 (1974); Wainwright v. Torna, 455 U.S. 586 (1982).

The Court notes that the Fourth Circuit has held that the failure to carry out the duties mandated by the Circuit's plan for implementing the Criminal Justice Act of 1964 by an attorney appointed to represent a defendant under that plan can constitute ineffective assistance. Proffitt v. United States, 549 F.2d 910 (4th Cir. 1976). With respect to a petition for certiorari, the Circuit's plan requires that counsel inform a defendant of the right to file a petition for certiorari and that counsel file the petition if the defendant requests it in writing and if counsel feels there are grounds for seeking Supreme Court review. McGill v. United States, No. C.A.

5

005-821-CMC, No. CR. 0:99-659, 2006 WL 208863 (D.S.C. Jan. 25, 2006); Fourth Circuit Plan § V.2, "Attorney's Duty to Continue Representation, Appellate Counsel." However, "[i]f the appellant requests that a petition for writ of certiorari be filed but counsel believes that such a petition would be frivolous, counsel may file a motion to withdraw with this court wherein counsel requests to be relieved of the responsibility of filing a petition for writ of certiorari. The motion must reflect that a copy was served on the client." Fourth Circuit Plan § V.2; see also Austin v. United States, 513 U.S. 5 (1994).

In the present case, the undisputed record establishes that Petitioner's counsel complied with his obligations under the Circuit's plan. In an affidavit attached to the Government's initial Response, Petitioner's former attorney, William Ingram, notes that he raised the career offender challenge at Petitioner's initial sentencing and in Petitioner's first appeal, despite the fact that the argument was clearly foreclosed at that time by the case of United States v. Harp, 406 F.3d 242 (4th Cir. 2005). The career offender challenge was rejected at sentencing and on appeal. Counsel also raised the career offender argument in the initial certiorari petition where he raised the crack/powder disparity argument. As set out above, the case was then remanded for the sole purpose of allowing this Court to consider Petitioner's disparity argument in light of Kimbrough. Due to the limited scope of the remand, counsel had no opportunity to challenge the career offender designation at the resentencing or in the second appeal to the Fourth Circuit. After the conclusion of the second appeal, and consistent with the Fourth Circuit Plan, counsel wrote Petitioner a letter informing him of the right to file a second petition for certiorari, but the letter noted that counsel believed a second petition for certiorari would be frivolous. When Petitioner

did request in writing that he file the petition, Ingram subsequently withdrew from the case. That motion to withdraw reflects that it was served on Petitioner. Petitioner does not appear to dispute these basic facts. Because counsel's consultation and withdrawal were in accord with the Fourth Circuit's Plan, those actions did not constitute ineffective assistance. Petitioner's third claim for relief should be denied.[2]

    C.    Claim for Improper Career Offender Designation Under <u>Simmons</u>

Petitioner's remaining claim, which is his primary claim in this case, is that he should not have been sentenced as a career offender because he had only one of the two predicate felony convictions required by USSG § 4B1.1. Under Guideline § 4B1.1, a defendant is a career offender if he is an adult at the time of the instant offense, the instant offense is a crime of violence or controlled substance offense, and the defendant has at least two prior "felony convictions" for crimes of violence or controlled substance offenses. USSG § 4B1.1(a). To be a "felony" under that provision, a crime must be punishable by a term of imprisonment "exceeding one year." USSG § 4B1.2. In the present case, Petitioner was determined to have two predicate felony convictions. One of Petitioner's predicate offenses was an August 21, 1995, conviction for possession of cocaine with intent to sell, for which he received a sentence of 10 to 12 months imprisonment. For purposes of sentencing in North Carolina, this was a Class H felony with a prior record level of III sentenced in the presumptive range, which meant

---

[2] The Court notes, moreover, that other courts in this Circuit have held that challenges involving the CJA plan's provisions regarding petitions for certiorari should be pursued via a motion in the Court of Appeals to recall the mandate, rather than under § 2255. <u>See, e.g.</u>, <u>Moscol v. United States</u>, No. 5:07-CR3-01, 5:10-CV-93, 2010 WL 4704403 (E.D.N.C. Nov. 12, 2010); <u>Devine v. United States</u>, No. 5:07-CR-10, 5:10-CV-91, 2011 WL 1675089 (E.D.N.C. May 3, 2011); <u>Carter v. United States</u>, No. 3:09CV14, 3:05CR82, 2010 WL 3619252 (W.D.N.C. Sept. 10, 2010).

7

Case 1:06-cr-00177-NCT   Document 86   Filed 09/24/13   Page 7 of 20

that Petitioner himself did not face more than a year of imprisonment for the offense. However, under the decision of the Fourth Circuit in United States v. Harp, determination of whether this offense was a "felony" required looking at the highest sentence that an offender with the worst possible criminal record could have received under the statute of conviction. Therefore, under Harp, all convictions of Class H felonies in North Carolina were treated as "felonies" for federal sentencing purposes. Harp, 406 F.3d at 246-47. Harp remained the rule during the entire period covering Petitioner's sentencing, resentencing, direct appeal process, and even the filing of his original § 2255 Motion. In fact, Respondent relied on Harp in its initial Response [Doc. #59] to Petitioner's first claim for relief. However, while Petitioner's § 2255 Motion was still pending, the Fourth Circuit decided United States v. Simmons, which overruled Harp based on the Supreme Court's decision in Carachuri-Rosendo v. Holder, 560 U.S. 563 (2010). Under Simmons, the potential term of imprisonment must be calculated as Petitioner argued -- by using his specific felony classification and prior record level. This change in case law led to the Government's Supplemental Response [Doc. #66] in this case, in which the Government abandoned its Harp argument. The Government also conceded that, "[b]ecause the Petitioner did argue against Harp, there is no Frady type of default."[3] (Supplemental Response [Doc. #66]

---

[3] This is a reference to United States v. Frady, 456 U.S. 152 (1982), where the United States Supreme Court held that a petitioner who did not object to an alleged error at the trial or appellate level was procedurally barred from raising it on collateral review, unless he could show cause and prejudice with respect to the default, or a miscarriage of justice if the claim were not considered. As discussed above, Petitioner raised his argument at his original sentencing, on direct appeal, and in a petition for certiorari to the Supreme Court. The Government does not contend that the career offender issue was procedurally defaulted in any way. To any extent that a procedural default or bar could somehow be raised, the Court construes the Government's statement as a waiver of that bar. See Yeatts v. Angelone, 166 F.3d 255, 261 (4th Cir. 1999) ("[T]he issue of procedural default generally is an affirmative defense that the state must plead in order to press the defense thereafter.").

8

at 1.) Notably, the Government also agreed that, if Petitioner were sentenced as required by Simmons, his prior 1995 conviction for possession of cocaine with intent to sell would not be a felony conviction for purposes of USSG § 4B1.1, and Petitioner would not be classified as a career offender. Thus, it appears that the Government has conceded that the proper Guideline range should have been 151 to 188 months imprisonment, rather than 262 to 327 months imprisonment. However, the Government nevertheless continued to oppose relief based on two arguments: (1) that Simmons and Carachuri-Rosendo are not retroactively applicable on collateral review, and (2) that Petitioner's claim is based on a Guidelines sentencing error, which is not cognizable on collateral review. Following an Order for rebriefing by the Court, Respondent filed a Second Supplemental Response [Doc. #76], which continued to raise both of these arguments, but which focused more on the cognizability of Petitioner's claim than on retroactive application of Simmons and Carachuri-Rosendo.

With respect first to the retroactive application of Simmons and Carachuri-Rosendo on collateral review, the Government in its Second Supplemental Response noted that Carachuri-Rosendo is not retroactively applicable on collateral review, pursuant to the decision of the Fourth Circuit in United States v. Powell, 691 F.3d 554, 563 (4th Cir. 2012). However, after the briefing had been completed in this case, the Fourth Circuit issued an opinion in Miller v. United States, ___ F.3d ___, 2013 WL 4441547 (4th Cir. August 21, 2013), addressing the issue of whether Simmons itself is retroactively applicable on collateral review. In Miller, the Fourth Circuit held that Simmons "narrowed the scope" of 18 U.S.C. § 922(g)(1), altering the class of persons that the law punishes, and thus announced a substantive rule that is retroactively

9

applicable on collateral review. Thus, although Carachuri-Rosendo is not retroactively applicable on collateral review, the Fourth Circuit has concluded that Simmons itself is retroactively applicable on collateral review. Miller, ___ F.3d ___, 2013 WL 4441547. Therefore, the remaining question is whether or not Petitioner's challenge to his career offender enhancement is "cognizable" on collateral review.[4]

Fourth Circuit precedent on this point is not favorable to Petitioner's claim. In this regard, the Fourth Circuit has held that "while § 2255 applies to violations of statutes establishing maximum sentences, it does not usually apply to errors in the application of the Sentencing Guidelines" because such errors do not normally amount to a miscarriage of justice. United States v. Pregent, 190 F.3d 279, 284 (4th Cir. 1999); see also Davis v. United States, 417 U.S. 333, 346 (1974) (recognizing the availability of collateral relief for claimed non-constitutional errors of law that represent "a fundamental defect which inherently results in a

---

[4] The Court notes that the Fourth Circuit has not separately considered whether Simmons is "retroactively applicable" to a § 2255 motion involving only a Guidelines determination. As discussed above, in Simmons, the Fourth Circuit clarified that certain North Carolina convictions are not and were not ever "felonies." This clarification has been applied to cases involving career offender calculations under the Guidelines in cases that were on appeal, but were not final, after the decision in Simmons. See, e.g., United States v. Jones, 667 F.3d 477 (4th Cir. 2012) (remanding for resentencing following direct appeal of career offender determination in light of Simmons). Thus, the relevant issue is not whether Simmons is "retroactive" prior to a certain date; the issue is whether it is retroactively applicable on collateral review to an otherwise final sentence, in light of Teague v. Lane, 489 U.S. 288 (1989). It is possible that the Fourth Circuit will conclude that Simmons is retroactively applicable on collateral review only for certain types of cases, such as those involving improper convictions under § 922(g)(1) or sentences under § 924(e) that result in a sentence above the statutory maximum that would otherwise apply. However, in light of the holding in Miller, it appears that Simmons itself is potentially applicable on collateral review, and most courts considering similar issues of "retroactivity" and "cognizability" analyze these potentially intersecting doctrines by considering whether a challenge to a career offender determination is "cognizable" on collateral review. See, e.g., Sun Bear v. United States, 644 F.3d 700, 703-04 and n.6 (8th Cir. 2011); but see Hawkins v. United States, 2013 WL 3942324 (7th Cir. July 31, 2013) (Posner, J.) (noting that errors in applying the advisory Guidelines are considered "procedural errors," and concluding as a result that cases reinterpreting the advisory Guidelines are "procedural" and "don't have retroactive application"). Because this Court concludes that the career offender challenge is not cognizable on collateral review in the Fourth Circuit, as discussed above, the Court will not undertake a separate determination of whether Simmons is "retroactively applicable on collateral review" to some types of claims but not others.

10

complete miscarriage of justice" in "exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent").[5] Thus, "[b]arring extraordinary circumstances . . . an error in the application of the Sentencing Guidelines cannot be raised in a § 2255 proceeding." Pregent, 190 F.3d at 283-84; see also United States v. Mikalajunas, 186 F.3d 490, 496-97 (4th Cir. 1999) (holding that "the mere misinterpretation or application of a guideline provision generally does not amount to a miscarriage of justice that warrants relief under § 2255"). Further, in the context of Simmons specifically, Judge King in his concurring decision in Powell observed that "defendants labeled career offenders cannot receive sentences exceeding the applicable statutory maximum," and therefore career offenders could not rely on Carachuri to obtain § 2255 relief. See Powell, 691 F.3d at 563 n.2 (King, J., dissenting in part

---

[5] The concept of a fundamental "miscarriage of justice" arises more frequently in related contexts in habeas law dealing with procedural and time bars. In those contexts, a "fundamental miscarriage of justice" can be established by demonstrating "actual innocence." See McQuiggin v. Perkins,133 S.Ct. 1924, 1931 (2013) (holding that actual innocence meets the miscarriage of justice exception, which applies to the time bar in 28 U.S.C. § 2244(d)(1)); United States v. Maybeck, 23 F.3d 888, 892-94 (4th Cir. 1994) (allowing actual innocence to excuse the procedural bar under the miscarriage of justice exception); see also In re Jones, 226 F.3d 328, 333 (4th Cir. 2000) (recognizing "actual innocence" as a basis for the filing of a § 2241 petition otherwise barred as a "second or successive" motion under § 2255). In United States v. Mikalajunas, the Fourth Circuit noted that under Maybeck, "actual innocence" can apply to overcome a procedural bar in a challenge to a career offender enhancement, and noted that a procedural default may be excused "based upon the actual innocence exception involving the misapplication of the career offender provision." United States v. Mikalajunas, 186 F.3d 490, 495 & n.4 (4th Cir. 1999). However, in United States v. Pettiford, the Fourth Circuit limited this provision to require a showing of "factual innocence" of the predicate crimes rather than a change in the "legal classification of the predicate crimes." See United States v. Pettiford, 612 F.3d 270, 284 (4th Cir. 2010) (discussing and limiting the phrase "actual innocence" in the recidivist enhancement context). These cases, and the limitations on the recognition of "actual innocence," may therefore inform the cognizability question as well. With respect to these limitations, however, the Department of Justice has now taken the position (in response briefs in multiple cases in this Court) that it "respectfully disagrees with Pettiford's overly restrictive definition of actual innocence." That issue has not been directly raised or considered in this case because no procedural bar has been raised.

11

and concurring in the judgment in part) (noting that under Pregent, "only sentences exceeding the statutory maximum can be challenged by § 2255 motion").[6]

In addition, the Court notes that other federal courts in this state have denied Simmons relief under § 2255 to career offenders, noting that the claims were not cognizable under § 2255 if the sentence was below the statutory maximum that would continue to apply, and those determinations have been affirmed on appeal. See, e.g., Ward v. United States, Nos. 7:07–CR–132, 7:12–CV–204, 2012 WL 5451260 (E.D.N.C. November 7, 2012) (noting that "a claim by Mr. Ward that Simmons would foreclose the application of the career offender enhancement to his sentencing guidelines range would not be cognizable on a § 2255 petition, as the sentence imposed was not greater than his statutory maximum), aff'd, 506 F. App'x 206 (4th Cir. 2013); Farmer v. United States, Nos. 5:02-CR-131, 5:11-CV642, 2012 WL 5835524

---

[6] The Court notes that the Government has conceded relief in other cases raising Simmons claims where the sentence did not exceed the otherwise-applicable statutory maximum, but where the sentence was based on a statutory mandatory minimum sentence that no longer properly applied. In support of this position, the Government has relied on Hicks v. Oklahoma, 447 U.S. 343, 346 (1980). This position may also find support in the recent decision of the Supreme Court in Alleyene v. United States, 133 S. Ct. 2151 (2013) (holding that, for purposes of the Sixth Amendment, "there is no basis in principle or logic to distinguish facts that raise the maximum from those that increase the minimum" and that "[i]t is impossible to dissociate the floor of a sentencing range from the penalty affixed to the crime"). However, in the present case, Petitioner's sentence was not based on a statutory mandatory minimum, and was instead based on the higher career offender Guideline range. The Court notes that Petitioner's sentence was subject to a statutory enhancement pursuant to 21 U.S.C. § 851, and the prior conviction relied upon in the § 851 Information of Prior Conviction is the same 1995 conviction that would not constitute a predicate felony in light of Simmons. The § 851 enhancement therefore would not apply under Simmons. However, the enhanced mandatory minimum sentence did not affect Petitioner's ultimate sentence in this case because Petitioner was sentenced pursuant to the career offender provisions of the sentencing Guidelines, which resulted in a sentence well above the enhanced mandatory minimum. The enhancement did affect the calculation of the career offender offense level under USSG § 4B1.1, based on the change in the statutory maximum (from 40 years to life) that affected the offense level assigned (from level 34 to level 37, prior to the adjustment for acceptance of responsibility), but the Government takes the position that this is another example of a Guidelines error subject to the cognizability limits noted above. In any event, there is no dispute that Petitioner's sentence was below the statutory maximum of 40 years that would have applied even without the § 851 enhancement, and there is also no dispute that Petitioner was sentenced based on the applicable career offender Guideline range, not a statutory mandatory minimum sentence.

(E.D.N.C. Nov. 16, 2012) (noting that "Mr. Farmer's Simmons claim as to the application of the career offender enhancement under USSG 4B1.1 is likely not cognizable under § 2255, even if his petition were deemed timely filed, as Mr. Farmer did not receive a sentence in excess of his statutory maximum"), aff'd, 513 F. App'x 257 (4th Cir. 2013); see also Jimmerson v. United States, Nos. 1:12-cv-183, 1:04-cr-2, 2013 WL 3035536 (W.D.N.C. June 17, 2013) (denying Simmons relief to a career offender on the alternative basis that he would "not be entitled to Simmons relief because he received a sentence that was less than the statutory maximum sentence allowed even without the sentencing enhancement"); Jones v. United States, Nos. 4:09–CR–81, No. 4:12–CV–94, 2012 WL 4432675 (E.D.N.C. Sept. 24, 2012) (unpublished) (noting in the alternative that "Mr. Jones' challenge to the calculation of his base offense level is not cognizable under § 2255 as Mr. Jones did not receive a sentence that exceeds his statutory maximum"). Therefore, in light of this authority, this Court recommends that Petitioner's Simmons-based career offender challenge be denied because it is not cognizable under § 2255, since Petitioner was sentenced below the statutory maximum sentence that would continue to apply.[7]

However, the Court notes that courts outside the Fourth Circuit have split in their handling of the cognizability issue in similar circumstances. In 2011, the Court of Appeals for the Eighth Circuit, in a closely divided decision, held that Guideline misapplication errors

---

[7] The Court notes that there are several cases currently on appeal in the Fourth Circuit raising issues similar to those raised in the current case. See, e.g., United States v. Chaney, No. 13-6491; United States v. Jones, No. 12-7892; United States v. Johnson, No. 12-7645; United States v. Britt, No. 12-7593; United States v. Jones, No. 12-7600. The Court notes in particular that the case of United States v. Brantley, No. 12-4752, set for oral argument October 31, 2013, may directly resolve this question. However, those cases also involve other procedural hurdles not raised in the present case.

13

involving career offender predicates are not cognizable under § 2255. Sun Bear v. United States, 644 F.3d 700, 704–05 (8th Cir. 2011) (en banc). Like the present case, the Petitioner in Sun Bear unsuccessfully raised his claims on direct appeal and then raised the claims again in a § 2255 motion based on a retroactive change in law that occurred after the petitioner's direct appeal concluded unfavorably. Id. The en banc Eighth Circuit in Sun Bear concluded that the sentence imposed was not "unlawful," because it was within the authorized statutory maximum, and because the same sentence could be reimposed even if § 2255 relief were granted. Id. (concluding that "a miscarriage of justice cognizable under § 2255 occurs when the sentence is in excess of that authorized by law"). Notably, however, the petitioner's original sentence of 360 months in Sun Bear fell not only below the statutory maximum, but also within the Guidelines range of 292 to 365 months that would have applied even had Sun Bear not been classified as a career offender. See also Meirovitz v. United States, 688 F.3d 369 (8th Cir. 2012) (considering similar scenario). Thus, the Eighth Circuit in Sun Bear did not face a situation where a change in law resulted in a significantly lower applicable Guideline range. In addition to the Eighth Circuit, the Fifth Circuit has also held that Guideline calculation errors are not cognizable on collateral review. See United States v. Williamson, 183 F.3d 458, 462 (5th Cir. 1999) (holding that "Section 2255 motions may raise only constitutional errors and other injuries that could not have been raised on direct appeal that will result in a miscarriage of justice if left unaddressed" and "[m]isapplications of the Sentencing Guidelines fall into neither category and hence are not cognizable in § 2255 motions"). However, after so holding, the Fifth Circuit in Williamson nevertheless concluded that the petitioner had received ineffective assistance of counsel on

14

appeal based on the failure to raise claims that could have been raised, and the Fifth Circuit therefore remanded the case for resentencing without the career offender enhancement.

The United States Court of Appeals for the Seventh Circuit has taken a different approach, allowing claims on collateral review by career offenders challenging miscalculated sentences under the <u>mandatory</u> Guidelines, but denying cognizability for claims under the <u>advisory</u> Guidelines. Specifically, the Seventh Circuit held in <u>Narvaez v. United States</u>, 674 F.3d 621 (7th Cir. 2011), that a claim raising a Guideline misapplication error involving a career offender predicate <u>was</u> cognizable under § 2255. <u>Id.</u> at 629 ("This case therefore involves the classifying of an individual as belonging to a subgroup of defendants, repeat violent offenders, that traditionally has been treated very differently from other offenders. To classify Mr. Narvaez as belonging to this group and therefore to increase, dramatically, the point of departure for his sentence is certainly as serious as the most grievous misinformation that has been the basis for granting habeas relief. . . . The fact that Mr. Narvaez's sentence falls below the applicable statutory-maximum sentence is not alone determinative of whether a miscarriage of justice has occurred."). Like Petitioner's claim in the present case, the claim in that case involved a retroactive change in law decided after the conviction was final, and the claim was neither time-barred nor, so far as the opinion indicates, procedurally barred. <u>Id.</u>; <u>see also</u> <u>Brown v. Caraway</u>, 719 F.3d 583 (7th Cir. 2013) (extending <u>Narvaez</u> to recognize collateral relief using 28 U.S.C. § 2241 pursuant to § 2255(e)'s savings clause, in a claim by a career offender based on a post-conviction clarification of the law). However, Narvaez was sentenced under the mandatory Guidelines scheme that existed prior to the Supreme Court's decision in <u>United States v. Booker</u>,

15

543 U.S. 220 (2005). The Seventh Circuit recently made clear, albeit by a divided panel, that it will not extend the cognizability finding in Narvaez to petitioners sentenced under the advisory Guidelines scheme in place following Booker. Hawkins v. United States, 706 F.3d 820, 822-24 (7th Cir. 2013) (holding that an otherwise final sentence that exceeds the statutory maximum or that exceeds a mandatory Guideline range may be challenged on collateral review, but "an error in the interpretation of a merely advisory guidelines is less serious" and "[g]iven the interest in finality, it is not a proper basis for voiding a punishment lawful when imposed"), supplemented on denial of rehearing en banc, 2013 WL 3942324 (7th Cir. July 31, 2013). Therefore, the Seventh Circuit has concluded that such challenges are not cognizable for petitioners sentenced as career offenders under the advisory Guidelines, like Petitioner in the present case.

Finally, the Eleventh Circuit recently addressed this issue in Spencer v. United States, No. 10–10676, ___ F.3d ___, 2013 WL 4106367 (11th Cir. August 15, 2013). In Spencer, the Eleventh Circuit declined to follow Sun Bear and Hawkins, and instead concluded that a claim based on the reclassification of a career offender predicate was cognizable under § 2255. Specifically, the Eleventh Circuit recognized the ability to proceed on "properly preserved and timely filed career offender sentence challenges under section 2255 where an intervening and retroactive change in the controlling Supreme Court caselaw has made the career offender status erroneous." Id. at *8-9. The Eleventh Circuit explicitly considered, but rejected, the mandatory/advisory Guidelines distinction in Narvaez and Hawkins, and allowed relief even though an advisory Guidelines scheme had been employed. In this regard, the Eleventh Circuit noted that although the Guidelines are advisory, they "are still 'the lodestone of sentencing'"

16

which district courts must analyze and bear in mind throughout the sentencing process. Id. at *6 (quoting Peugh v. United States, 133 S.Ct. 2072, 2084 (2013)). "Thus, Guideline sentencing error can be serious." Id. at *7. The court in Spencer then concluded that the Guideline calculation error was indeed serious enough to be cognizable on collateral review, where the erroneous application of the career offender range effectively doubled Spencer's sentencing range. Id.

Thus, the circuits have split on this issue of cognizability. Even in those circuits where such claims have been found to be non-cognizable, the conclusion has been subject to well-considered debate. See, e.g., Sun Bear, 644 F.3d at 707-12 (Melloy, J., dissenting); Hawkins, 2013 WL 3942324 (Rovner, J., dissenting); see also Gilbert v. United States, 640 F.3d 1293 (11th Cir. 2011) (refusing to allow a similar claim that was barred as a "second or successive" motion); but see Gilbert, 640 F.3d at 1336-38 (Hill, J., dissenting); Gilbert, 640 F.3d at 1330-36 (Martin, J., dissenting). All of these decisions and opinions focus on the tension between "fairness" and "finality" in these circumstances.[8] As discussed above, it appears that the relevant Fourth Circuit case law would support the conclusion that such claims, like the claims raised by Petitioner in

---

[8] With respect to the "finality" concerns, the Court notes that even in Spencer, the Eleventh Circuit emphasized that in that case, the motion was timely, it was not procedurally barred, and it was a first § 2255 Motion. However, as discussed above, the concept of "manifest injustice" is also used in the habeas context with respect to procedural default, equitable tolling, and use of the § 2255 "savings clause" for an otherwise second or successive motion. These concepts overlap, at least to some degree, and therefore, if a petitioner can establish "manifest injustice" to support cognizability, it may be that the same "manifest injustice" could be used to overcome the procedural bar, to support equitable tolling of the statute of limitations, and even to invoke the § 2255 "savings clause" for an otherwise "second or successive" motion. However, such a scenario would undermine any concept of "finality" and would nullify, or at least collapse, the various AEDPA provisions in those cases where a change in legal interpretation significantly affects the application or determination of a Guidelines sentencing range. The Court need not further address these specific issues in the present case, however, as the parties agree that the § 2255 Motion in this case is timely, is not procedurally barred, and is Petitioner's first § 2255 Motion.

17

this case, are not cognizable on collateral review. However, this Court's conclusion is not without doubt, in light of the authority noted above and the circumstances presented. Specifically, the Court notes that this is a case where Petitioner challenged his career offender designation at sentencing and on appeal, only to lose due to clear and binding circuit precedent. The career offender enhancement greatly increased the advisory Guidelines range that applied to his case.[9] Petitioner now challenges the enhancement based on Simmons, which is a retroactive change in case law decided after Petitioner's direct appeal, and although the Government opposes relief in this case, the Government has conceded that if Simmons applies, Petitioner is not a career offender and should not have been subject to the enhancement. Therefore, although the Court concludes that Petitioner cannot state a cognizable claim under § 2255 in light of existing Fourth Circuit law, the Court recommends that a certificate of appealability be issued on this question. Cf. Jones, 2012 WL 4432675, at *2; see also Narvaez, 674 F.3d at 626-27 (recognizing the appropriateness of a certificate of appealability for a claim that "illegal designation as a career offender resulted in an increase in [the petitioner's] term of imprisonment that deprived him of liberty without due process of law"). Jurists of reason would - and have - found it debatable whether such a claim states a valid claim for the denial of

---

[9] The Court notes that the sentence Petitioner received is 9 years longer than a corresponding sentence at the bottom of the Guideline range that would otherwise have applied. In addition, absent the career offender designation, Petitioner would have potentially been eligible for a sentence reduction pursuant to 18 U.S.C. § 3582(c) based on retroactive Guidelines amendments, resulting in a Guidelines range of 120 months or, absent the concededly improper § 851 enhancement, 92-115 months, which at the bottom of the Guidelines range is 14 years less than the sentence Petitioner received. Cf. Mikalajunas, 186 F.3d at 497-502 (Murnaghan, J., dissenting) ("[A]ll agree that because of a misapplication of the sentencing guidelines, one of the Appellees will be in jail for one year longer than the sentence provided by law, the other Appellee will be in jail for over four years longer than the sentence provided by law. . . . Because I do not believe that the state's interest in finality outweighs even one year of a man's life, and because I believe that Supreme Court and Circuit precedent dictate a contrary result, I respectfully dissent.").

a constitutional right, and jurists of reason would - and have - found the question of "cognizability" debatable in the circumstances presented in this case.[10]

III. CONCLUSION

For the reasons set out above, this Court recommends that Petitioner's § 2255 Motion be denied, but that a certificate of appealability be issued with respect to Petitioner's Simmons-related claim in this case.

IT IS THEREFORE RECOMMENDED that Petitioner's Motion [Doc. #48] and Amended Motion [Doc. #70] to vacate, set aside or correct sentence be DENIED and that this action be DISMISSED.

IT IS FURTHER RECOMMENDED that a certificate of appealability be issued on the question of whether Petitioner, who was sentenced as a career offender under U.S. Sentencing Guideline § 4B1.1, but who in fact was not a career offender in light of Simmons v. United States, can assert a cognizable claim under 28 U.S.C. § 2255, seeking to challenge a sentence that was below the statutory maximum that would still apply.

---

[10] The Court notes that in other cases, the Government has conceded that relief should be granted to individuals convicted under 18 U.S.C. § 922(g) who do not have a requisite felony conviction in light of Simmons, as well as those who were sentenced as Armed Career Criminals under 18 U.S.C. § 924(e) who do not have the requisite predicate felonies to support the statutory enhancement that results in a sentence above the statutory maximum that would otherwise apply. The Court has accepted the Government's concession and relief has been granted in those cases. The present case deals with individuals, like Petitioner, whose conviction is still valid and whose sentence is below that statutory maximum that would still apply, but who were sentenced under the Guidelines as a career offender without the requisite prior felonies to support the application of the career offender provision. The Court notes that there are dozens of cases in this district raising this career offender issue, and the Court will hold those cases in abeyance pending resolution of the issue in this case, rather than recommending the denial of relief and the issuance of a certificate of appealability in each separate case. The Court also notes that to the extent the other pending cases may include issues involving the statute of limitations or a procedural bar, it is possible that the Government will, consistent with its prior practice in Simmons cases, choose to waive those defenses if the Fourth Circuit concludes that the claims are otherwise cognizable on collateral review.

Pursuant to Federal Rule of Civil Procedure 72, Petitioner has fourteen days to file objections preserving any issues he would seek to raise on appeal.

This, the 24th day of September, 2013.

                                            /s/ Joi Elizabeth Peake
                                           United States Magistrate Judge